# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Danny C. Coffey,
    Petitioner

vs.                                       Case No. 1:06cv717
                                              (Dlott, J.; Black, M.J.)

Warden, Warren Correctional Institution,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed with the assistance of counsel a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 4) with exhibits (Doc. 8), and petitioner's response in opposition to the motion (Doc. 9).

### Procedural Background

In this action, petitioner is challenging his March 3, 1998 conviction and sentence in the Clermont County, Ohio, Court of Common Pleas upon his entry of guilty pleas on February 4, 1998 to the following five counts contained in an eight-count indictment: rape in violation of Ohio Rev. Code § 2907.02(A)(2); kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4); aggravated robbery in violation of Ohio Rev. Code § 2911.01(A); attempted rape in violation of Ohio

Rev. Code §§ 2907.02(A)(2) and 2923.02(A); and felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2).[1] (*See* Doc. 8, Exs. A, D). Petitioner was sentenced to a ten (10) year term of imprisonment for the rape offense, and eight (8) year prison terms on each of the four remaining charges; two of the eight-year sentences were to run consecutively to the ten-year sentence imposed on the rape count for an aggregate prison term of twenty-six (26) years. (*Id.,* Ex. E).

Petitioner did not appeal the judgment of conviction or sentence. Nearly six years later on February 2, 2004, petitioner filed with the assistance of new counsel a motion to withdraw his guilty plea. (*Id.*, Ex. F). Petitioner contended in the motion that his plea was "not made in a knowing, voluntary and intelligent manner" because he entered the plea based on the erroneous advice of his trial lawyers that "he had the right to file motions for judicial release," and that such a motion should be filed only after petitioner had served "10 years in the penitentiary." (*Id.*).

On August 23, 2004, the Clermont County Common Pleas Court denied petitioner's motion to withdraw his plea in light of a 1999 decision by the Ohio Court of Appeals, Twelfth Appellate District, wherein the same claim was rejected on the merits "under very similar circumstances." (*Id.,* Ex. H).

Petitioner's counsel filed an appeal on petitioner's behalf to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Ex. I). On August 1, 2005, the Ohio Court of Appeals issued an Opinion affirming the trial court's judgment. (*Id.,* Ex. K). Petitioner's counsel appealed further to the Supreme Court of Ohio, which entered an order on December 28, 2005 declining jurisdiction to hear the case. (*Id.,* Exs. L, M).

Ten months later, on October 26, 2006, the same counsel who assisted petitioner in seeking to withdraw his guilty plea in the state courts filed the instant federal habeas corpus petition on petitioner's behalf. (Doc. 1). Petitioner alleges two grounds for relief, in which he essentially contends that his guilty plea is invalid because he was improperly induced by trial counsel to enter the plea based on the "false promi[s]e" or misrepresentation that he would be "eligible for judicial

---

[1] Petitioner did not enter guilty pleas to the specifications attached to each of these counts; therefore, the specifications were "deleted" as part of the parties' plea bargain. (*See* Doc. 8, Ex. D).

2

release." (*Id.*, pp. 6-9).

In response to the petition, respondent has filed a motion to dismiss, arguing in part that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 4).

## OPINION

### The Petition Should Be Dismissed As Time-Barred

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The Court must first determine which statutory provision set forth in 28 U.S.C. § 2244(d)(1) applies to petitioner's claims and when the statute of limitations began to run in this case. Respondent contends that 28 U.S.C. § 2244(d)(1)(A) governs petitioner's claims, which commenced running in April 1998 when petitioner's conviction became "final" by the expiration of the 30-day time period for filing an appeal as of right under Ohio R. App. P. 4(A). (Doc. 4, p. 6). In contrast, without disputing the applicability of § 2244(d)(1)(A) to his claims for relief, it appears that it is petitioner's position that, because there is "no time limit for filing . . . a Motion to withdraw Plea" under Ohio R. Crim. P. 32.1, and because the state courts considered petitioner's motion to withdraw his plea on the

merits without finding it to be time-barred under state law, the federal statute of limitations could not have begun to run until after the state-court proceedings on his motion to withdraw plea had concluded. (Doc. 9, p. 2).

     As an initial matter, the undersigned disagrees with the position taken by petitioner that the statute of limitations did not start running until after the proceedings held on his motion to withdraw his guilty plea concluded. As respondent has argued, because petitioner did not seek "direct review" of his conviction or sentence, petitioner's conviction became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) when the 30-day period for filing an appeal as of right to the Ohio Court of Appeals from the March 3, 1998 judgment of conviction and sentence expired. *See* Ohio R. App. P. 4(A); *see also Goodballet v. Mack,* 266 F.Supp.2d 702, 705 (N.D. Ohio 2003).

     Here, as in *Goodballet,* petitioner suggests that his conviction did not become "final" within the meaning of § 2244(d)(1)(A) until after the resolution of his motion to withdraw his guilty plea, because such a motion is considered part of the direct appeal process in Ohio. Alternatively, he contends that the filing of his motion to withdraw his plea reset the limitations period, because no time limitation exists in Ohio for the filing of a post-sentence motion to withdraw a guilty plea. As in *Goodballet,* petitioner cites in support of his arguments the Supreme Court of Ohio's decision in *State v. Bush,* 773 N.E.2d 522, 526 (Ohio 2002), where the court held that unlike other post-conviction remedies, a post-sentence motion under Ohio R. Crim. P. 32.1 to withdraw a plea "is not collateral but is filed in the underlying criminal case."

     In *Goodballet,* however, the district court discussed and rejected these arguments, which have been reasserted by petitioner in the instant case. The court reasoned in relevant part as follows:

> Goodballet correctly notes that the *Bush* court held that Ohio procedural rules prescribing a filing deadline for postconviction relief petitions do not govern postsentence motions to withdraw guilty pleas.... However, the state procedural ruling does not reset the federal AEDPA filing deadline nor does it alter the final conviction date for federal habeas petition purposes. For purposes of the AEDPA, the judgment becomes final upon "the conclusion of direct

4

review or the expiration of the time for seeking such review." 28 U.S.C. § 2254(d)(1)(A). If the conviction did not become final until the highest state court denied a motion to withdraw a guilty plea, the one-year statute of limitations would be meaningless. A petitioner could indefinitely extend the time for seeking habeas relief merely by delaying his motion to file a motion to withdraw his guilty plea. The same would be true if the filing of such a motion reset the limitations period.

Although the Sixth Circuit has not directly addressed whether a motion to withdraw a guilty plea resets the AEDPA limitations period and/or alters the final conviction date, its decisions in two other cases suggests that it does not. First, the Sixth Circuit held that the filing of a delayed appeal tolls the running of the AEDPA one-year limitation but it does not reset the limitations period. *Searcy* [*v. Carter,* 246 F.3d 515, 519 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001)]. A delayed appeal is part of the "direct review" of a case. *Id.* Moreover, like a motion to withdraw a guilty plea, a petitioner may file a delayed appeal anytime with the Ohio Supreme Court. *See* Oh. Sup.Ct. R. II, Sec. 2(4)(a). Because the party may file the delayed appeal anytime, effectively delaying the final judgment date, the court decided that filing such an appeal may toll the running of the one-year limitation, but does not restart the limitation period. *Searcy,* 246 F.3d at 519. Specifically, the court reasoned that allowing the filing of a delayed appeal to restart the limitation period:

> would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.

5

*Id.* (quoting *Raynor v. Dufrain,* 28 F.Supp.2d 896, 898 (S.D.N.Y. 1998)).

Likewise, the Sixth Circuit held that an Ohio R.App. P. 26(B) application, though part of the direct appeal process, will not delay the starting of the AEDPA statute of limitations:

> It is important to note that [petitioner] will not be able to benefit from his delay in bringing a Rule 26(B) application to reopen direct appeal by requesting that § 2244(d)(1)(A)'s one-year statute of limitations not begin until after his Rule 26(B) application has run its course through the courts. Instead, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts.

*Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).

Based on the above reasoning, the Court concludes that the filing of a motion to withdraw a guilty plea only tolls the limitations period and does not reset it. It also does not affect the final conviction date for purposes of federal habeas petitions. . . .

*Goodballet,* 266 F.Supp.2d at 705-07.[2]

The undersigned is persuaded by the district court's well-reasoned decision in *Goodballet*. *Cf. Stephens v. Jackson,* No. C-1-05-243, 2006 WL 840376, at *4-6 (S.D. Ohio Mar. 30, 2006) (unpublished) (Weber, S.J.; Hogan, M.J.). Other courts similarly have considered motions to withdraw guilty pleas only to the extent they affected the determination as to whether or not the statute of

---

[2] It is noted that after *Goodballet* was decided, the Sixth Circuit in an en banc decision overruled prior Sixth Circuit precedents to the extent that Rule 26(B) applications for reopening are no longer considered part of direct review, but rather in accordance with Ohio law, represent a collateral post-conviction remedy that is not part of the original appeal. *Lopez v. Wilson,* 426 F.3d 339, 351-52 (6th Cir. 2005) (en banc) (and state cases cited therein), *cert. denied,* 126 S.Ct. 1880 (2006); *see also Morgan v. Eads,* 818 N.E.2d 1157, 1160-61 (Ohio 2004) (and state cases cited therein).

limitations, which had previously commenced running under § 2244(d)(1)(A), was statutorily tolled under 28 U.S.C. § 2244(d)(2). *See, e.g., Gross v. Kansas,* 194 Fed.Appx. 560, 562 (10th Cir. 2006) (not published in Federal Reporter); *DeFluiter v. Brunsman,* No. 2:06-cv-274, 2006 WL 3751246, at *3 (S.D. Ohio Dec. 18, 2006) (unpublished) (Holshuh, J.; Abel, M.J.); *Leon v. Bradshaw,* No. 1:05-cv-875, 2006 WL 1624430, at *3-4 (N.D. Ohio June 26, 2006) (Boyko, J.).

The fact that the Ohio courts considered petitioner's motion to withdraw his guilty plea on the merits does not change the undersigned's determination that the federal statute of limitations commenced running when petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) in April 1998, and that the clock was not reset at zero almost six years later when petitioner filed his motion to withdraw his plea in February 2006. *Cf. DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006), *superseding and amending,* 419 F.3d 493, 497-500 (6th Cir. 2005) (emphasizing that a motion for delayed appeal, *"even if granted*, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending") (emphasis added).

Accordingly, in sum, the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) governs petitioner's claims for relief. The limitations period commenced in April 1998, when the 30-day period expired for filing an appeal as of right under Ohio R. App. P. 4(A) from petitioner's March 3, 1998 conviction and sentence, and ended one year later in April 1999 absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

During that one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000).[3] The tolling provision, however, does not

---

[3] *See also Gaskins v. Duval*, 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

7

"'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003); *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[4] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

In this case, petitioner took no action to challenge his conviction or sentence within the one-year period from April 1998 to April 1999. Indeed, he waited until nearly five years after the statute of limitations had run its course before he filed his post-sentence motion to withdraw his guilty plea. Therefore, the state court proceedings that were held on the motion to withdraw plea did not serve to statutorily toll the limitations period, which had expired years earlier, under § 2244(d)(2). *Cf. Gross,* 194 Fed.Appx. at 562; *DeFluiter, supra,* 2006 WL 3751246, at *3; *Leon, supra,* 2006 WL 1624430, at *3-4.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement;

---

[4]*See also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).

> (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court. He also has not demonstrated that he is entitled to equitable tolling under *Dunlap*. First, petitioner does not argue, nor is there evidence in the record to suggest that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions. Moreover, it is clear from the record that petitioner has not been diligent in pursuing his rights. As discussed earlier, *see supra* p. 2, petitioner took no action to challenge his conviction or sentence until nearly six years after the trial court's judgment of conviction and sentence was entered on March 3, 1998. Moreover, after the state court proceedings on his motion to withdraw plea filed February 2, 2004 concluded, petitioner's counsel waited an additional ten months before filing the instant federal habeas corpus petition on petitioner's behalf. Therefore, equitable tolling is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that petitioner's claims for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), and that the statute commenced running in April 1998 and expired one year later in April 1999. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to justify excusing the statute of limitations bar in this case. The instant petition, filed in October 2006, was submitted seven and one-half years too late. It is, therefore, RECOMMENDED that respondent's motion to dismiss (Doc. 4) be GRANTED, and petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED with prejudice as time-barred.

9

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 4) be GRANTED, and that petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice as time-barred.

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[5]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 2/21/07                                      s/Timothy S. Black
        cbc                                             Timothy S. Black
                                                        United States Magistrate Judge

J:\BRYANCC\2007 habeas orders\06-717mtd-sol.mtnwithdrawplea.wpd

---

[5] Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims in the petition. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Danny C. Coffey,
    Petitioner,

           v.

Warden, Warren Correctional Institution,
    Respondent.

Case No. 1:06cv717
(Dlott, J.; Black, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).